IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KEVIN WEST, | : |
| Plaintiff, | : |
| VS. | : CASE NO. 5:14-CV-86-MTT-MSH |
| | : 42 U.S.C. § 1983 |
| Sergeant TEMPLE, | : |
| Defendant. | : |

**ORDER AND**
**REPORT AND RECOMMENDATION**

Currently pending before the Court are Plaintiff's motions to amend his complaint (ECF Nos. 29, 33) and motion to appoint counsel (ECF No. 20). Also pending is Defendant Temple's motion to dismiss (ECF No. 25) the complaint. For the reasons explained below, Plaintiff's motion to appoint is denied, his first motion to amend is granted, and it is recommended that his second motion to amend be denied. It is also recommended that Defendant Temple's motion to dismiss be denied.

**BACKGROUND**

Plaintiff alleges that on July 30, 2013, he was being taken to court by Sergeants Copeland and Sirmans. (Compl. 5.) The transport bus stopped at Dooly State Prison to let inmates on and off the bus. According to Plaintiff, Copeland and Sirmans directed Plaintiff and the other inmates who were to stay on the bus to exit. (*Id.*) While Plaintiff was off the bus, Defendant Sergeant Temple, "for no reason," allegedly slammed Plaintiff, who was in waist chains, leg irons, and handcuffs, onto the concrete. (*Id.*) Another

unidentified office then dragged Plaintiff by his leg irons, while Defendant Temple "held [Plaintiff's] arms on the ground and had his knee in [Plaintiff's] back[,]" which left Plaintiff's elbows and fingers "badly" scraped.  (Compl. 5.)  Plaintiff thereafter asked Defendant Captain Williams for a grievance form, but was refused one.   Plaintiff believes that the assault "would have never happened," but for Copeland and Sirmans ordering Plaintiff to exit the bus.

Plaintiff originally brought this action against Sergeants Copeland, Sirmans, Temple, and Captain Williams for failure to provide him with grievance forms and for cruel and unusual punishment.  (Compl. 5.)  After preliminary review, only the claim against Sergeant Temple for a violation of Plaintiff's Eighth Amendment right to be free of excessive force was allowed to proceed.  (Order 1-2, Apr. 28, 2014, ECF No. 21.) Defendant Temple thereafter moved to dismiss for, *inter alia*, failure to state a claim and qualified immunity.  (Br. in Supp. of Mot. to Dismiss 3-9, ECF No. 25-1.)  In response, Plaintiff filed a motion to amend his complaint (ECF No. 29) in addition to his opposition to the motion (ECF No. 30).  After the motion to dismiss was fully briefed, Plaintiff also moved to amend his complaint to add as a defendant the unidentified "John Doe" officer that he alleges dragged him across the ground at Dooly State Prison.  (Second Mot. to Am. 1-2, ECF No. 33.)  These motions are now ripe for review.

## DISCUSSION

### I.    Motion to Appoint Counsel

This is Plaintiff's second motion to appoint counsel.  As was previously explained to Plaintiff, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to

represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims and the Court will determine whether Plaintiff's allegations support a colorable legal claim. This process is routine in *pro se* prisoner actions and therefore "exceptional circumstances" justifying appointment of counsel do not exist. Accordingly, Plaintiff's second motion to appoint counsel (ECF No. 20) is denied.

**II.    Motions to Amend**

Plaintiff filed his first motion to amend as an amendment as a matter of course pursuant to Federal Rules of Civil Procedure Rule 15(a). (Mot. to Am. 1-2, ECF No. 29.) It is clear to the Court that Plaintiff was attempting to use Rule 15(a)(1)(B) to file this amendment as he filed the amendment in response to a motion under Rule 12(b). However, Plaintiff did not file his motion in the allotted twenty-one days. Fed. R. Civ. P. 15(a)(1)(B). Defendant's motion to dismiss was filed on May 16, 2014. Plaintiff had twenty-one days, until June 9, 2014, within which to timely file a motion to amend as a matter of course. Plaintiff's motion to amend was not signed until July 6, 2014, almost thirty days late. Regardless, the Court will allow Plaintiff's amendment under Rule

3

15(a)(2) as this is the first time that Plaintiff seeks to amend his Complaint. The Court will consider the information contained in the "carbon-copy grievance" attached to his motion to amend as part of his Complaint. (Mot. to Am. 2.)

After the parties had fully briefed the motion to dismiss, Plaintiff filed his second motion to amend (ECF No. 33) in which he seeks to add as a John Doe defendant the officer he alleges dragged him on the concrete at Dooly State Prison. He inaccurately states that "[t]he Plaintiff in his original complaint named a C.E.R.T. member John Doe Defendant." (Second Mot. to Am. 1.) Nowhere in Plaintiff's complaint, either in the caption or in the section for listing defendants, did he name a John Doe C.E.R.T. officer. (Compl. 1, 4.) His only mention of this officer in his complaint is that he was "dragged by my leg irons by another C.E.R.T. member[.]" (Compl. 5.) Thus, Plaintiff actually seeks at this point to add an additional defendant whom he admittedly cannot identify except for as a "C.E.R.T. member." (Second Mot. to Am. 1.)

This motion to amend likewise falls under Rule 15(a)(2) which requires leave of court. Such leave should be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). Plaintiff's second motion to amend is futile.

The Eleventh Circuit does not generally allow fictitious-party pleading. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). In order to fall under an exception to this rule, "the plaintiff's description of the defendant [must be] so specific as to be at the very worst, surplusage." *Id.* (internal quotation marks and citations omitted).

4

A description of a proposed defendant as a guard or officer at a specific correctional facility is insufficient to meet this exception to the prohibition on fictitious-party pleading. *Id.* Consequently, Plaintiff's proposed John Doe defendant would be subject to dismissal and his motion to amend to add this defendant is futile. In sum, Plaintiff's first motion to amend (ECF No. 29) is granted and it is recommended that his second motion to amend (ECF No. 33) be denied as futile.

## III.   Motion to Dismiss

Defendant argues that Plaintiff has failed to state a claim for excessive force such that his Complaint should be dismissed. (Br. in Supp. of Mot. to Dismiss 3-7.) Additionally, Defendant contends that he is entitled to qualified immunity. (*Id.* at 8-9.) For the reasons explained below, it is recommended that Defendant's motion to dismiss be denied.[1]

### A.   Failure to state a claim

Defendant initially argues that Plaintiff's Complaint should be dismissed because he has failed to state a claim under Federal Rules of Civil Procedure Rule 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss,

---

[1] Defendant also argues that Plaintiff cannot recover any monetary damages because his injuries are *de minimis*. (Br. in Supp. of Mot. to Dismiss 9-16.) Plaintiff states that his fingers and elbow were "badly" scraped and that he had to see medical as a result of his injuries. (Compl. 5.) The Court is not prepared at the motion to dismiss stage to find that such physical injuries are *de minimis* such that Plaintiff cannot recover under the Prison Litigation Reform Act.

a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

Plaintiff alleges that on July 30, 2013, he was on a bus that made a stop at Dooly State Prison. (Compl. 5.) While at the stop, he was directed to get off the bus by two officers. (*Id.*) He was in waist-chains, leg irons, and handcuffs. (*Id.*) When Plaintiff stepped off the bus as directed, Defendant "grabbed [Plaintiff] and slammed [him] for no reason, on the concrete." (*Id.*) Plaintiff was then dragged by his leg irons by another officer while the Defendant held his arms and had his knee in the Plaintiff's back. (Compl. 5.) This resulted in scrapes on Plaintiff's left elbow and fingers for which Plaintiff sought medical assistance. (*Id.*) Plaintiff states that these actions constitute deliberate indifference, but the Court has interpreted his claims as claims for the excessive use of force in violation of the Eighth Amendment.

Whether an Eighth Amendment constitutional violation occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or

6

[whether force was applied] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks and citation omitted). In order to determine if force was used "maliciously and sadistically to cause harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted). "When considering these factors, we give a wide range of deference to prison officials acting to preserve discipline and security[.]" *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (internal quotation marks and citation omitted). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 599 U.S. 34, 57 (2010).

A consideration of the above factors shows that Plaintiff has sufficiently alleged a claim of excessive force against Defendant Temple. Taking Plaintiff's allegations as true, Plaintiff states that he was injured when he was thrown to the ground by Defendant Temple without reason after following a direct order by another officer. At the time that he was thrown to the ground, Plaintiff was secured in handcuffs, leg irons, and a waist-chain. Plaintiff was not involved in a disturbance and he was not causing a threat to Defendant Temple.[2] Plaintiff also states that Defendant Temple continued to use force against him

---

[2] Defendant argues in his motion to dismiss that Sergeant Temple saw an unknown inmate in a forbidden location and acted to secure the location that he was in. (Br. in Supp. of Mot. to

after he was thrown to the ground by holding his hands and putting a knee in his back while he was dragged along the concrete by a fellow officer. These allegations taken as true and as a whole are sufficient to state a claim for excessive force in violation of the Eighth Amendment. Consequently, Defendant's motion to dismiss pursuant to Rule 12(b)(6) should be denied.

### B.   Qualified Immunity

Defendant also argues that, even assuming Plaintiff has stated a claim for excessive force, he is entitled to qualified immunity and the Complaint must be dismissed. However, "when a plaintiff making an excessive force claim has alleged facts sufficient to survive a motion to dismiss or a motion for summary judgment demonstrating that the officer used force maliciously and sadistically to cause harm, he has necessarily established the two prongs required to defeat a defense of qualified immunity." *Dobbins v. Giles*, 451 F. App'x 849, 851 (11th Cir. 2012) (internal quotation marks and citation omitted). Having found that Plaintiff has alleged sufficient facts to survive a motion to dismiss his claim for excessive force, the Court cannot, on the record before it, find that Defendant is entitled to qualified immunity. It is therefore recommended that Defendant's motion to dismiss be denied.

### CONCLUSION

For the reasons stated above, Plaintiff's motion to appoint (ECF No. 20) is denied.

---

Dismiss 5-7.) This argument directly contradicts Plaintiff's statement that Defendant Temple threw Plaintiff to the ground for "no reason." (Compl. 5.) Although this argument may be properly considered on a motion for summary judgment with the introduction of evidence, the Court cannot consider it at this time.

Plaintiff's first motion to amend (ECF No. 29) is granted and it is recommended that his second motion to amend (ECF No. 33) be denied.  It is also recommended that Defendant's motion to dismiss (ECF No. 25) be denied.

SO ORDERED and RECOMMENDED, this 14th day of January, 2015.

S/ Stephen Hyles<br>UNITED STATES MAGISTRATE JUDGE