IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KEVIN WEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-86 (MTT) |
| | ) |
| Sergeant TEMPLE, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ORDER

This matter is before the Court on United States Magistrate Judge Stephen Hyles's Recommendation (Doc. 34) to deny the Plaintiff's second motion to amend (Doc. 33) his complaint and deny Defendant Sergeant Temple's motion to dismiss (Doc. 25). The Magistrate Judge recommends denying the Plaintiff's second motion to amend because the Plaintiff seeks to add an unnamed C.E.R.T. member as a defendant without adequate specificity. The Magistrate Judge recommends denying the Defendant's motion to dismiss because the Plaintiff sufficiently alleged facts to state a plausible excessive force claim pursuant to 42 U.S.C. § 1983. The Defendant and the Plaintiff have objected to the Recommendation. (Docs. 35; 36). Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Parties' objections and has made a *de novo* determination of the portions of the Recommendation to which the Parties object.

The Defendant objects to the Magistrate Judge's conclusion that the Plaintiff sufficiently alleged facts to state an excessive force claim. (Doc. 35). Specifically, the Defendant contends the Magistrate Judge improperly focused on the allegation the

Defendant used force for "no reason" because such an allegation is "an unwarranted deduction of fact." Moreover, because the Plaintiff includes in his complaint that he "wasn't suppose[d] to be on the prison grounds at this institution," the Defendant contends the alleged facts demonstrate the force was applied to restore order, not maliciously and sadistically to cause harm. However, even assuming *arguendo* some use of force was justified, the Defendant may nevertheless violate the Eighth Amendment if force is applied maliciously and sadistically for the purpose of causing harm. See *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). As stated in the Recommendation, to determine whether the force was applied maliciously and sadistically, the Court considers the following factors:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

*Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted).

With regard to the extent of the Plaintiff's injuries, the Defendant contends the alleged injuries—badly scraped elbow and fingers—are *de minimis* as a matter of law. See, e.g., *Mann v. McNeil*, 360 F. App'x 31, 32 (11th Cir. 2010) (holding the injuries alleged, including scrapes to knees and legs, are *de minimis*). The Court agrees the alleged injuries are *de minimis*, and thus the first factor from *Campbell* weighs against the Plaintiff's asserted claim. Nevertheless, a plaintiff may still sufficiently allege a plausible excessive force claim even though the alleged force resulted in *de minimis* injuries. See *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014). Here, the

Plaintiff was secured in leg irons, handcuffs, and a waist chain when he and other inmates stepped off the bus as instructed by another officer. Thus, even though he includes in his allegation that he and the other inmates were "supposed to have stayed on the bus," a reasonable inference can be made that he was not causing a disturbance, resisting authority, or otherwise posing a serious threat to the safety of others. Moreover, although other inmates also got off the bus as instructed, the Defendant approached the Plaintiff specifically and slammed him onto the concrete. *See Spikes v. Butts*, 2008 WL 5381966, at *2 (M.D. Ga.) ("[T]here are no allegations that Plaintiff was a threat to anybody when Defendant … used force against him. In fact, Plaintiff was in handcuffs when [the Defendant] … slammed him into the floor face first."). Despite the fact the Plaintiff did not resist the Defendant after being slammed onto the concrete and was still in chains and otherwise subdued, an unnamed C.E.R.T. member allegedly dragged the Plaintiff across the concrete, while the Defendant held the Plaintiff's arms on the ground and put his knee to the Plaintiff's back, causing his fingers and elbow to be "badly" scraped. Given these allegations in consideration with the factors above, the Court agrees with the Recommendation that the Plaintiff has sufficiently alleged facts to state a plausible excessive force claim at this stage in the litigation.

      The Plaintiff objects to the recommendation that his second motion to amend to add the unnamed C.E.R.T. member as a defendant be denied as futile. (Doc. 36). As stated in the Recommendation, fictitious-party pleading is generally not permitted, unless the plaintiff can describe the party with enough specificity as to be "at the very worst surplusage." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (internal

quotation marks and citation omitted).  The Court agrees the Plaintiff's description of the other C.E.R.T. member in his second motion to amend lacks adequate specificity, and thus the second motion to amend is futile as to this description.

The Plaintiff also attempts to add emotional and mental injury, as well as alleged chest pain, in his second motion to amend and reiterates these alleged injuries in his objection.  "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must accompanied by allegations of physical injuries that are greater than *de minimis*."  *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002).  As discussed, the Plaintiff's alleged "badly" scraped elbow and fingers are *de minimis* injuries.  Likewise, the Plaintiff's simple complaint of chest pain is a *de minimis* injury.  *See Quilan v. Personal Trans. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) (holding an inmate's alleged temporary chest pain, headache, and difficulty breathing were *de minimis* injuries); *Hall v. Plumber Official,* 2011 WL 1979721, at *14 (S.D. Fla.) (holding that the allegation of chest pain, among other injuries, did not constitute an injury greater than *de minimis*).  He does not allege any additional information to support a reasonable inference that his particular chest pain is an injury greater than *de minimis*.  Therefore, to the extent the Plaintiff seeks to add emotional and mental injury and chest pain in his second motion to amend, that motion is **DENIED** as futile.

In his objection, the Plaintiff adds a physical description of the unnamed officer: "[a] tall white male, about 6'7, 6'8, weighing about 265 to 275 pounds."  (Doc. 36 at 1).  The Court construes this portion of the objection as a motion to amend.  *See Newsome v. Chatham Cnty. Det. Ctr.,* 256 F. App'x 342, 344 (11th Cir. 2007) (holding the district

court should have considered new allegations in objection as motion to amend the complaint). However, the additional description still lacks adequate specificity to permit adding the unnamed C.E.R.T. member as a defendant. Therefore, to the extent the new allegations can be construed as a motion to amend, that motion is **DENIED** as futile.

The Court has reviewed the Recommendation, and the Court adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the Order of this Court. Accordingly, the Plaintiff's second motion to amend is **DENIED** as futile, and the Defendant's motion to dismiss is **DENIED**.

**SO ORDERED**, this 23rd day of February, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT