IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KEVIN WEST, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 5:14-CV-86-MTT-MSH |
| VS. | : | 42 U.S.C. § 1983 |
| | : | |
| Sergeant TEMPLE, | : | |
| | : | |
| Defendant. | : | |

_____

### ORDER

Currently pending before the Court are Plaintiff's motion to appoint counsel (ECF No. 46), four motions to compel discovery (ECF Nos. 50-51, 56, 59), two motions for leave to file a deposition upon written questions (ECF No. 55, 61), two motions for an order to subpoena (ECF Nos. 54, 60), a motion seeking an order to demand inspection (ECF No. 62), a motion for an extension of time to complete discovery (ECF No. 66), and two motions to amend (ECF Nos. 48, 65). For the reasons explained below, Plaintiff's motion to appoint counsel is denied, his discovery motions are denied, and his motions to amend are granted in part and denied in part.

### BACKGROUND

Plaintiff alleges that on July 30, 2013, he was being taken to court by Sergeants Copeland and Sirmans. Compl. 5. The transport bus stopped at Dooly State Prison to let inmates on and off the bus. According to Plaintiff, Copeland and Sirmans directed Plaintiff and the other inmates who were not staying at Dooly State Prison to exit. *Id.*

While Plaintiff was off the bus, Defendant Sergeant Temple, "for no reason," allegedly slammed Plaintiff, who was in waist chains, leg irons, and handcuffs, onto the concrete. *Id.* Another unidentified officer then dragged Plaintiff by his leg irons, while Defendant Temple "held [Plaintiff's] arms on the ground and had his knee in [Plaintiff's] back[,]" which left Plaintiff's elbows and fingers "badly" scraped. Compl. 5. Plaintiff thereafter asked Defendant Captain Williams for a grievance form, but was refused one. Plaintiff believes that the assault "would have never happened," but for Copeland and Sirmans ordering Plaintiff to exit the bus.

Plaintiff originally brought this action against Sergeants Copeland, Sirmans, Temple, and Captain Williams for failure to provide him with grievance forms and for cruel and unusual punishment. Compl. 5. After preliminary review, only the claim against Sergeant Temple for a violation of Plaintiff's Eighth Amendment right to be free of excessive force was allowed to proceed. Order 1-2, Apr. 28, 2014, ECF No. 21. Defendant Temple thereafter moved to dismiss for, *inter alia*, failure to state a claim and qualified immunity. Br. in Supp. of Mot. to Dismiss 3-9, ECF No. 25-1. In response, Plaintiff filed a motion to amend his complaint (ECF No. 29) in addition to his opposition to the motion to dismiss (ECF No. 30). After the motion to dismiss was fully briefed, Plaintiff also moved to amend his complaint to add as a defendant the unidentified "John Doe" officer that he alleges dragged him across the ground at Dooly State Prison. Second Mot. to Am. 1-2, ECF No. 33.

Plaintiff's motion to amend his complaint was denied as futile; additionally, Defendant's motion to dismiss for failure to state a claim and qualified immunity was also

denied after briefing and recommendation by the undersigned. Order 5, Feb. 23, 2015, ECF No. 38. Subsequently, Plaintiff filed a new motion to appoint counsel (ECF No. 46), as well as several motions to compel discovery (ECF Nos. 50-51, 56, 59), motions for leave to file depositions upon written questions (ECF No. 55, 61), motions for an order to subpoena (ECF Nos. 54, 60), as well as a motion to demand inspection (ECF No. 62), a motion for extension of time to complete discovery (ECF No. 66) and two motions to amend (ECF Nos. 48, 65). Defendant responded to motions to compel, with briefing in opposition, general objections, and provided documents per Plaintiff's discovery requests. Def.'s Objs. & Resps. to Pl.'s First Interrogs., ECF No. 58-1. These motions are now ripe for review.

## DISCUSSION

### I. Motion to Appoint Counsel

This is Plaintiff's third motion to appoint counsel. As was previously explained to Plaintiff, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). Plaintiff has set forth the essential factual allegations underlying his claims and the Court will determine whether

3

Plaintiff's allegations support a colorable legal claim. This process is routine in *pro se* prisoner actions and therefore "exceptional circumstances" justifying appointment of counsel do not exist. Accordingly, Plaintiff's third motion to appoint counsel (ECF No. 46) is denied.

## II.    Discovery Motions

Plaintiff filed ten discovery motions. Four motions seek to compel discovery (ECF Nos. 50-51, 56, 59), two motions seek leave to file a deposition upon written questions (ECF No. 55, 61), two motions seek an order to subpoena (ECF Nos. 54, 60), one motion seeks an order to demand inspection (ECF No. 62), and one motion seeks an extension of time to complete discovery (ECF No. 66). First, Plaintiff's motions to compel seek the court's intervention in obtaining answers to his interrogatories and requests for production. Additionally, Plaintiff requests sanctions in the amounts of $150.00, $200.00, and $100.00 from Defendant on the grounds that he did not receive timely answers from opposing counsel and that there was no substantial justification for not answering the requests. *See* First Mot. Order Compel Disc., ECF No. 50; Second Mot. Order Compel Disc., ECF No. 51; Third Mot. Order Compel Disc., ECF No. 56. Second, Plaintiff's motions for leave to file deposition upon written questions seek leave of the court to depose an unspecified witness, to gain unspecified information which Plaintiff contends is very relevant and would greatly assist him in litigating his case. Mot. Leave File Dep., ECF Nos. 55, 61. Third, Plaintiff's seeks a court order issuing a subpoena to Defendant which would require him to provide requested documents, including a copy of log book entries at the Dooly State Prison on July 30, 2013, and the Georgia Department of Corrections (GDOC)

numbers of the inmates on the transport bus at the time of the incident. First Mot. Order Subpoena, ECF No. 54. Plaintiff submitted identical motions for the former purpose on both May 3, 2015 and May 6, 2015. Second Mot. Order Subpoena, ECF No. 60. Additionally, Plaintiff filed a letter requesting a subpoena to the GDOC in order to obtain his medical records. Letter, Apr. 23, 2015, ECF No. 49. Fourth, Plaintiff's motion to demand inspection seeks the authority to inspect Dooly State Prison where Plaintiff contends that there is a surveillance camera which captured the events on July 30, 2013. Mot. Demand Inspection, ECF No. 62. Defendant states that the only video of the incident is from a hand-held camera and has provided Plaintiff the opportunity to review such video. Def.'s Objs. & Resps. to Pl.'s First Req. Prod. Docs. 6, ECF No. 58-2. Finally, Plaintiff seeks an extension of the discovery deadline. For the reasons explained in detail below, Plaintiff's motions to compel discovery (ECF Nos. 50-51, 56, 59) are denied, his motions for leave to file deposition upon written questions (ECF Nos. 55, 61) are denied, his motions for order to subpoena (ECF Nos. 54, 60) are denied, his motion to demand inspection (ECF No. 62) is denied, and his motion for an extension of the discovery deadline is denied.

    A.    <u>Motions to Compel Discovery</u>

Plaintiff filed two motions to compel discovery on April 27, 2015, pursuant to Federal Rule of Civil Procedure 37(a). One motion seeks an order compelling answers to his interrogatory requests, and one seeks an order compelling the production of documents. *See generally*, First Mot. Order Compel Disc. 1; Second Mot. Order Compel Disc. 1-2. Each motion seeks sanctions, in the form of "reasonable expenses" of litigating the motion

to compel, against Defendant for failing to respond to Plaintiff's requests. However, Defendant responded to Plaintiff's requests on April 23, 2015. *See* Def.'s Objs. & Resps. to Pl.'s First Interrogs. 11; Def.'s Objs. & Resps. to Pl.'s First Req. Prod. Docs. 6. Although Plaintiff's service was likely improper, Defendant's counsel timely served responses to the requests within the 30-day period and three day extension through mail service. *See* Fed. R. Civ. P. 6(a)(1)(C), 33(b)(2). Therefore, Plaintiff's contentions that Defendant did not respond and that Federal Rule of Civil Procedure 37(a)(4) entitles him to a reasonable fee assessment for the delay in answering is misguided. Plaintiff's first two motions to compel (ECF Nos. 50, 51) are consequently denied.

Plaintiff filed two additional motions to compel discovery—one on May 2, 2015 and one on May 5, 2015. (ECF Nos. 56, 59.) These two motions seek the same relief—Plaintiff asks Defendant to "fully" answer his interrogatory request numbers 3, 4, 6, 9, 20, and 24. Defendant has responded to each of these interrogatory requests. Def.'s Objs. & Resps. to Pl.'s First Interrogs. 5-7, 9-10. The fact that Plaintiff disagrees with the content of some of Defendant's responses is not a ground for compelling discovery. *See, e.g., Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) ("The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect."); *Rong Ran v. Infinite Energy, Inc.*, No. 1:07-cv-249-MMP-AK, 2010 WL 148240, at * 1 (N.D. Fla. Jan. 12, 2010) ("Defendants have responded to Plaintiff's [discovery] requests, and the fact that Plaintiff disagrees with Defendants' responses does not provide a basis for this Court to order any relief.") Thus,

Plaintiff's motions to compel (ECF Nos. 56, 59) regarding the interrogatory responses are denied.[1]

### B. Motions for Leave to File Deposition Upon Written Questions

Plaintiff also seeks leave to file a deposition upon written questions pursuant to Federal Rule of Civil Procedure 31 (ECF Nos. 55, 61). Plaintiff only needs permission from this Court to depose someone who is incarcerated. Fed. R. Civ. P. 31(a)(2)(B). However, Plaintiff fails to identify the party or parties he wishes to depose. At this time, Plaintiff's request is thus denied as moot. Plaintiff may depose witnesses pursuant to Rule 31 at his own expense.

### C. Motions for Order to Subpoena

Plaintiff filed three requests for subpoenas—two motions and one letter (ECF Nos. 49, 54, 60). He asks for the following subpoenas: (1) to the Georgia Department of Corrections "Medical Division" to obtain his medical records; and (2) to Sergeant Sirmans and Sergent Copeland at Valdosta State Prison to produce the "log book entries" with all names and GDOC numbers of inmates on the July 30, 2013 prison bus. These requests are virtually identical to two of Plaintiff's requests for production.

In request (2), Plaintiff asks Defendant to produce his medical records on and after July 30, 2013. Def.'s Objs. & Resps. to Pl.'s First Req. Prod. Docs. 5. Defendant did not produce the medical records, but provided Plaintiff with reference to the appropriate

---

[1] The Court notes that Plaintiff failed to include in his motions a certification that he has in good faith conferred with Defendant in an attempt to obtain the information he seeks without court intervention. Fed. R. Civ. P. 37(a)(1); M.D. Ga. Loc. R. 37. For this additional reason, Plaintiff's discovery motions are denied.

7

GDOC Standard Operating Procedure which tells Plaintiff how he can obtain his medical records. *Id.* Likewise in request (4), Plaintiff asks Defendant to produce "Intake log book entries for the inmates who were on the transfer bus and the inmates who go off the transfer bus on July 30, 2013, at Dooly State Prison. Def.'s Objs. & Resps. to Pl.'s First Req. Prod. Docs. 5. Defendant produced the intake sheet as requested on April 23, 2015. *Id.* Because these requests for a subpoena are duplicative of discovery requests for which Plaintiff has already received responses, the Court denies Plaintiff's motions and request for subpoenas.

### D. Motion to Demand Inspection

Plaintiff filed a motion to demand inspection on May 13, 2015, pursuant to Federal Rule of Civil Procedure 34. Mot. Demand Insp. 1, ECF No. 62. Specifically, Plaintiff asks the Court to order Defendant to provide transportation to the Dooly State Prison so that he can verify that there is a ceiling mounted camera that recorded the incident on July 30, 2013. *Id.* It is Plaintiff's understanding that Defendant denies the existence of a ceiling mounted camera in that area of the prison. *Id.* However, Defendant does not deny the existence of a ceiling mounted camera, he denies the existence of a "ceiling mounted video"—i.e., Defendant denies the existence of a video taken by a ceiling mounted camera. Def.'s Objs. & Resps. to Pl.'s First Req. Prod. Docs. 6. Defendant states that there is only one video of the incident, from a hand-held device, that will be made available for Plaintiff to review. *Id.* Whether there is a ceiling mounted camera is consequently irrelevant since there is no video of the incident from that camera. Plaintiff's motion to inspect is therefore denied.

E.      Motion for Extension of Time to Complete Discovery

Plaintiff seeks an extension of time to complete discovery in order to obtain witness statements from other currently confined inmates. Letter Motion 1, May 31, 2015, ECF No. 66. Since the Court is denying Plaintiff's motions for discovery, there is no need to extend the discovery deadline. Plaintiff's motion for an extension of time is thus denied at this time.

However, Plaintiff also states that prison officials are preventing him from obtaining his medical records and from corresponding with other inmates regarding this case. The Court recognizes the need for prison officials to maintain security, but Plaintiff cannot be prohibited from obtaining witness statements or affidavits concerning this case. Likewise, Plaintiff may not be prevented from obtaining his medical records provided he follows the appropriate procedure to obtain those records.

Plaintiff shall correspond with Defendant's counsel regarding any affidavits/witness statements he seeks to obtain if he cannot obtain them directly. He need not provide Defendant's counsel with the content of those statements, but merely inform counsel of the witness' names. The Court expects defense counsel to ensure that Plaintiff is able to correspond with any relevant witness. If the parties determine that additional discovery time is necessary, they should so inform the Court within fourteen (14) days with a joint proposal for an extension of time.

### III.    Amended Complaints

Plaintiff filed an Amended Complaint without leave of court on April 19, 2015 (ECF No. 48). He also filed a motion for leave to amend on May 26, 2015 (ECF No. 65).

9

Plaintiff previously moved for leave to amend on July 6, 2014 (ECF No. 29) and on December 15, 2014 (ECF No. 33). His first request to amend was granted, but his second was denied as futile. *See Order & R&R* 3-4, Jan. 14, 2015, ECF No. 34; Order 3-4, Feb. 23, 2015, ECF No. 38. Thus, these two requests to amend are Plaintiff's third and fourth requests.

His "Amended Complaint" adds minor additional detail concerning the incident on July 30, 2013 and Plaintiff's alleged injuries. The Court construes Plaintiff's Amended Complaint as a motion to amend. To the extent that Plaintiff adds factual details concerning the July 30, 2013 incident, the Court grants his request to amend. However, it is unclear if Plaintiff is attempting to state a claim for relief against Captain Williams or a claim for deliberate indifference to a serious medical need. To the extent that he is attempting to now add such claims, his motion to amend is denied.

Plaintiff's claim against Captain Williams for not providing Plaintiff with a grievance form was dismissed for failure to state a claim. Order 1-2, Apr. 28, 2014, ECF No. 21. Such claim fails for the same reasons previously explained. Likewise, the district judge dismissed Plaintiff's deliberate indifference claims regarding his alleged "chest pain" as futile. Order 4, Feb. 23, 2015, ECF No. 38. Plaintiff may not restate those claims through his third amendment.

Plaintiff's fourth request to amend is more specific and limited. Plaintiff identifies the CERT team member he claims pulled him across the ground as Nathan Turner. Fourth Mot. to Am. 1, ECF No. 65. He seeks to add Nathan Turner presumably as a defendant in this action. *Id.* Furthermore, Plaintiff seeks to add that he was seen by a medical staff

member Simpson who merely conducted a "visual examination" of him after the July 30 incident. *Id.* Plaintiff's request to add Nathan Turner as a defendant is granted. Plaintiff's request, however, to add a claim against Simpson is denied for the same reasons as explained above regarding his "chest pain" claims. Plaintiff's only currently pending claims are claims for excessive force against Defendant Temple and now against Defendant Turner. Service is directed on Nathan Turner as explained below.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to appoint counsel is denied (ECF No. 46), his discovery motions are denied (ECF Nos. 50-51, 54-56, 59-62, 66), and his motions to amend (ECF Nos. 48, 65) are granted in part and denied in part.

## ORDER FOR SERVICE

It is **ORDERED** that service be made on Defendant Nathan Turner, CERT team member at Dooly State Prison, and that he file an Answer, or such other response as may be appropriate under the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses and the possible imposition of expenses for failure to waive service.

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will

11

be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendant from whom discovery is sought by Plaintiff. Defendant shall not commence discovery until such time as an answer or dispositive motion has been

filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendant (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendant and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.   The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each

party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.  No party is required to respond to any request which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins.

SO ORDERED, this 9th day of June, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE