IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KEVIN WEST, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 5:14-CV-86-MTT-MSH |
| VS. | : | 42 U.S.C. § 1983 |
| | : | |
| Sergeant TEMPLE and | : | |
| NATHAN TURNER, | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER AND RECOMMENDATION**

Currently pending before the Court are Plaintiff's three motions to appoint counsel (ECF Nos. 77, 86, 96), motion "to propose goodfaith" (ECF No. 79), motions for leave to file deposition upon written questions (ECF Nos. 84, 85, 87, 94), and motion for summary judgment (ECF No. 72). For the reasons explained below, Plaintiff's motions to appoint and motion for good faith are denied. His motions for leave to take a deposition upon written question are terminated as moot except for his request to depose inmate Cunningham, which is granted. It is recommended that Plaintiff's motion for summary judgment also be denied at this time with leave for Plaintiff to refile.

**BACKGROUND**

Plaintiff alleges that on July 30, 2013, he was assaulted by Defendants at Dooly State Prison in violation of his Eighth Amendment right to be free from excessive force. On August 14, 2015, Defendant Turner filed his answer triggering the start of the 90-day

discovery period for Defendant Turner.[1] Turner Answer, ECF No. 78. Discovery expired on Thursday, November 12, 2015. Prior to the close of discovery, Plaintiff filed multiple motions seeking to depose by written question several alleged witnesses to the assault. (ECF Nos. 84, 85, 87, 94.) Plaintiff has also filed multiple requests for appointment of counsel (ECF Nos. 77, 86, 96), and a "motion to propose goodfaith" (ECF No. 79). Finally, Plaintiff also moved for summary judgment against both defendants (ECF No. 72). These motions are ripe for review.

## DISCUSSION

### I.     Motions to Appoint Counsel

Plaintiff filed his fourth, fifth, and sixth motion to appoint counsel. As was previously explained to Plaintiff, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel." However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989). For the same reasons that Plaintiff's previous three motions to appoint were denied, his currently pending motions (ECF Nos. 77, 86, 96) are denied.

---

[1] Defendant Turner was added as a party in an Amended Complaint. Mot. to Am. 1, ECF No. 65.

**II.     Motion to Propose Good Faith**

Plaintiff filed a document on August 9, 2015, which he captions as a "motion to propose goodfaith." (ECF No. 79.) Therein, Plaintiff outlines the lowest amounts he will accept in damages from Defendants. It is unclear what relief Plaintiff seeks through this document or why he has styled this document as a motion. This motion is consequently denied as not seeking any relief that can be granted by the Court.

**III.    Discovery Motions**

Prior to the close of discovery, Plaintiff filed four documents seeking "an order pursuant to Rule 31 of the Federal Rules of Civil Procedure." (ECF Nos. 83, 84, 85, 87.) The Court construes these documents as requesting leave of court to depose certain witnesses by written question. Plaintiff similarly requests by letter that the Court arrange depositions of multiple non-party witnesses. Letter Motion 1, Nov. 12, 2015, ECF No. 94. Via this letter, Plaintiff also contests some of Defendants' discovery responses. *Id.*

Initially, to the extent that Plaintiff's November 12 letter can be construed as a motion to compel, such motion is denied. Plaintiff failed to provide his interrogatory requests or Defendants' responses; thus, the Court cannot determine whether the Defendants properly responded to any requests. He further failed to supply a statement that confirms that he attempted in good faith to resolve this discovery dispute prior to filing a motion with the Court. *See* Fed. R. Civ. P. 37(a)(1); M.D. Ga. Loc. R. 37. The Court previously explained to Plaintiff that a certification of good faith is required pursuant to Federal Rule of Civil Procedure 37. Order 7 n.1, June 9, 2015, ECF No. 67. Plaintiff's motion is consequently denied.

3

Second, the Court is not responsible for arranging or ordering depositions. Rule 31 only requires court permission to take a deposition by written question in certain circumstances. Fed. R. Civ. P. 31(a)(2). The sole witness identified by Plaintiff who falls under Rule 31(a)(2), and thus requires leave of Court to depose, is inmate Cunningham. Dep. Upon Written Question 1, ECF No. 87. The Court grants this request. (ECF No. 87.) Plaintiff does not require leave of Court for the other requested depositions, and his motions are terminated as moot. (ECF Nos. 84, 85, 94.)

However, Plaintiff must abide by the applicable rules to take a deposition by written question. *See* Fed. R. Civ. 31(a)(3), (b). In other words, Plaintiff must provide proper notice to the other parties and provide a court reporter to take the deposition. *Id.* The Court recognizes that Plaintiff is in the difficult position of being a pro se litigant in prison; nevertheless, he is subject to the rules of civil procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Furthermore, the IFP statute does not provide for the payment of discovery costs. *See* 28 U.S.C. § 1915; *Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) ("[Section] 1915 refers to only 'court fees.' Neither defendants nor the district court were obligated to advance [Plaintiff] his discovery costs."). Plaintiff is thus responsible for arranging the depositions, properly noticing the depositions, and paying the costs of the depositions.

Since Plaintiff's request to depose inmate Cunningham is granted, the discovery period is extended to thirty days from the date of this Order. The parties' dispositive

motions shall be due thirty days from the conclusion of discovery. No further discovery extensions shall be provided without good cause.

### IV. Motion for Summary Judgment

#### A. Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

#### B. Plaintiff's Motion for Summary Judgment

Plaintiff filed a motion for summary judgment prior to the close of discovery (ECF No. 72). This motion does not comply with the local rules and include a statement of material facts. M.D. Loc. R. 56. Similarly, the motion does not contain factual statements to show that there is no genuine issue of material fact. *See id.* Plaintiff's motion is instead filled with conclusions and generalizations unsupported by any record evidence. *See, e.g.,* Pl.'s Mot. for Summ. J. ¶¶ 1-5, ECF No. 72. It is consequently recommended that Plaintiff's motion be denied at this time. Plaintiff may refile his motion for summary judgment once discovery is complete.

## CONCLUSION

For the reasons explained above, Plaintiff's motions to appoint counsel (ECF Nos. 77, 86, 96) and motion to propose good faith (ECF No. 79) are denied. His motions for leave to file a deposition upon written questions are terminated as moot (ECF Nos. 84, 85, 94) except for his request to depose inmate Cunningham (ECF No. 87), which is granted. Discovery and the dispositive motions deadline is extended as outlined above. Finally, it is recommended that Plaintiff's motion for summary judgment (ECF No. 72) be denied at this time. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 2nd day of December, 2015.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE
