IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **KEVIN WEST,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 5:14-CV-86(MTT) |
| **Sergeant TEMPLE,** *et al.*, | ) ) ) |
| **Defendants.** | ) ) |

### ORDER

United States Magistrate Judge Stephen Hyles has denied the Plaintiff's three motions to appoint counsel (Docs. 77; 86; 96), "motion to propose good faith" (Doc. 79), and motions for leave to take a deposition upon written questions (Docs. 84; 85; 94). (Doc. 97). The Magistrate Judge also denied a construed motion to compel (Doc. 94) in which the Plaintiff asked the Court to arrange multiple depositions of non-party witnesses. The Magistrate Judge granted the Plaintiff's motion to depose inmate Royrecus Cunningham (Doc. 87). The Magistrate Judge recommends denying the Plaintiff's motion for summary judgment (Doc. 72) with leave for the Plaintiff to refile the motion after discovery closes. The Plaintiff does not object to the Recommendation, but he does object to the Magistrate Judge's order denying the motions to appoint counsel, the "motion to propose good faith," the motions for leave to take a deposition upon written questions, and the construed motion to compel. (Doc. 101).

The Court construes the Plaintiff's objection to the Magistrate Judge's order as a motion for reconsideration. Pursuant to Local Rule 7.6, "Motions for Reconsideration

shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

The Plaintiff has not met this burden. He has not alleged an intervening change in the law, nor has he presented new evidence previously unavailable to him. Moreover, the Court is not persuaded the Magistrate Judge's ruling was clearly erroneous. Accordingly, the Plaintiff's motion for reconsideration is **DENIED**. (Doc. 101).

The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Plaintiff's motion for summary judgment is **DENIED**. (Doc. 72). The Plaintiff may refile his motion in compliance with Fed. R. Civ. P. 56 and Local Rule 56 within 30 days after the close of discovery.

**SO ORDERED**, this 4th day of January, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
