IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KEVIN WEST, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 5:14-CV-86-MTT-MSH |
| VS. | : | 42 U.S.C. § 1983 |
| | : | |
| Sergeant TEMPLE and | : | |
| NATHAN TURNER, | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER

On February 23, 2016, the Court held a discovery hearing in this case on Plaintiff's pending discovery motions (ECF Nos. 102, 109) in which he reasserts that his ability to conduct discovery has been stymied by his incarceration. As this Court has previously explained, Plaintiff is entitled to meaningful discovery in order to respond to Defendants' motion for summary judgment. However, neither the Court nor Defendants are responsible for paying for such discovery.

Plaintiff specifically seeks to depose an inmate currently housed in a Georgia Department of Corrections prison—Royrecus Cunningham. Since Plaintiff is unable to pay to have a court reporter for a deposition upon written question, Plaintiff may instead communicate with this inmate via prison mail. Plaintiff is directed to create an affidavit for Cunningham's signature which shall be mailed to the Court. Defendants shall provide the Court with inmate Cunningham's current address within fourteen (14) days. The Court will then mail the proposed affidavit to inmate Cunningham for his review and

signature.  Plaintiff should explain to Cunningham in his communication that inmate Cunningham should review the affidavit and sign it if he agrees to the veracity of the contents and then send the affidavit back to the Court.  If or when the Court receives the signed affidavit, the Court will then mail it back to Plaintiff for his review.  Plaintiff may then decide whether to file the affidavit in support of his own motion for summary judgment or in opposition to Defendants' motion for summary judgment.  Plaintiff shall have sixty (60) days from the date of this Order within which to respond to Defendants' motion for summary judgment and/or refile a motion for summary judgment.  Defendants shall have twenty-one days thereafter within which to file a reply and/or response.

     Plaintiff also seeks additional discovery from Defendant Temple.  Plaintiff was similarly unable to depose Defendant Temple during the discovery period.  The Court grants Plaintiff's alternative request to send Defendant Temple additional interrogatories.  Plaintiff may send a total of eleven (11) additional interrogatories to Defendant Temple within twenty-one (21) days.  Defendant Temple shall then have twenty-one (21) days within which to respond to Plaintiff's additional requests.  If the parties need additional time, they should request such <u>prior</u> to the expiration of the deadlines contained herein.  Plaintiff's discovery motions (ECF Nos. 102, 109) are granted as explained above.

     After the discovery hearing, the Court also received a letter motion (ECF No. 116) from Plaintiff explaining that he will be unable to simultaneously mail his response to Defendants' motion for summary judgment to Defendants and to this Court due to the limitations in the prison mail system.  The Court grants Plaintiff's request to stagger the responses and directs Plaintiff to mail his response to the Court first.  Defendants will

receive an electronic version of the response when it is filed on CM/ECF.  Plaintiff must still properly serve Defendants with a copy of the response by mail, but may do so the week following his mailing to the Court.  It also appears that Plaintiff may be requesting appointment of counsel in his letter.  The Court has repeatedly denied Plaintiff's request to appoint and again denies Plaintiff's request for the same reasons.

     SO ORDERED, this 29th day of February, 2016.

                                    /s/ Stephen Hyles
                                    UNTED STATES MAGISTRATE JUDGE