IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KEVIN WEST, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 5:14-CV-86-MTT-MSH |
| VS. | : | 42 U.S.C. § 1983 |
| | : | |
| Sergeant TEMPLE and | : | |
| NATHAN TURNER | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER AND**
**REPORT AND RECOMMENDATION**

Currently pending before the Court are Plaintiff's various motions for discovery (ECF Nos. 120, 121, 127, 128, 130), motions for injunctive relief (ECF Nos. 134, 135), motion to amend (ECF No. 139), and motion to strike (ECF No. 153).[1]  Also pending is Defendants' motion for summary judgment (ECF No. 107).  Plaintiff's discovery motions are terminated or denied as explained below.  His motion to strike is denied.  It is recommended that Plaintiff's motion to amend and motions for injunctive relief also be denied.  Finally, it is recommended that Defendants' motion for summary judgment be denied, but that Plaintiff be limited to recovering nominal damages.

**BACKGROUND**

The uncontested facts of this case are simple: On July 30, 2013, Plaintiff was on a transfer bus with several other inmates.  A fight broke out on the bus causing injury to at

---

[1] Plaintiff also filed a letter seeking leave to file additional pages in response to the motion for summary judgment (ECF No. 123).  That dotion is granted.

least one inmate. The bus stopped at Dooly State Prison ("DSP") to get medical treatment for the injured inmate.

At DSP, several inmates, including Plaintiff, were directed to get off the bus. All of the inmates had waist chains, handcuffs, and ankle restraints. The DSP CERT[2] officers, including Defendants, met the bus when it arrived at DSP. Plaintiff had some interaction with Defendant Temple. Defendant Temple then used force against Plaintiff to take Plaintiff to the ground. Defendant Turner assisted Defendant Temple in the use of force. Plaintiff was examined by medical and suffered at least a scraped elbow and finger from the use of force against him.

At this stage of the proceedings, only the Eighth Amendment claims for excessive force remain against Defendants Turner and Temple. Defendants move for summary judgment claiming that they are entitled to judgment as a matter of law or alternatively qualified immunity. Plaintiff filed multiple discovery motions after the filing of the motion for summary judgment. Several of those motions were previously addressed. *See, e.g.,* Order 1-3, Feb. 29, 2016, ECF No. 117. The remainder are addressed below along with Plaintiff's motions for injunctive relief and motion to amend.

## DISCUSSION

### I.    Motions for Discovery

Plaintiff filed several discovery motions and letters to the Court which were docketed as discovery motions. The first was received on March 7, 2016. (ECF No. 120.) That letter was directed to the Lowndes County Jail and sought Plaintiff's medical

---

[2] The CERT team is the Correction Emergency Response Team.

records from that institution. Since it appears that this request was not directed at the Court and that Plaintiff has procured a copy of the medical records he sought, *see* Pl.'s Medical Rs., ECF No. 151, this motion (ECF No. 120) is terminated.

Plaintiff's next discovery motion is a "Motion for Inspection." (ECF No. 121.) Therein Plaintiff seeks to review the "use of force video." Mot. for Inspection 1. Defendants made arrangements to allow Plaintiff to review the requested video at Hancock State Prison. Defs.'s Resp. to Mot. for Inspection 1, ECF No. 129. Plaintiff did not reply to Defendants' response. Since it appears Plaintiff has received the relief requested, his motion for inspection (ECF No. 121) is denied as moot.

Plaintiff then filed a motion to compel. In this motion, Plaintiff seeks responses to his second interrogatory requests he claims were served on February 24, 2016. Mot. to Compl 1, ECF No. 127. He complains that the responses to his requests were not served within twenty-one days of the order allowing Plaintiff to request additional interrogatory responses. *Id.* In that Order, the Court provided Plaintiff with twenty-one days within which to serve Defendant Temple with eleven additional interrogatories. Order 2, Feb. 29, 2016. Defendant Temple then had twenty-one days within which to respond. *Id.* It appears that Plaintiff construed that order as requiring Defendant to respond to requests served prior to the issuance of the order. Regardless, Defendant responded to Plaintiff's requests on March 30, 2016. Pl.'s Letter 1, Apr. 10, 2016, ECF No. 131. Plaintiff received those responses on April 5, 2016. *Id.* Plaintiff's motion to compel (ECF No. 127) is consequently denied as moot. His request for $1000 in expenses is denied.

On April 7, 2016, the Court received another letter from Plaintiff. (ECF No. 128.)

Therein Plaintiff again complains that he has not received the interrogatory responses, asks for a discovery hearing, and seeks assistance with his mail allowance. As explained above, Plaintiff received the requested discovery responses, so this request is moot and no hearing is necessary. Additionally, despite Plaintiff's stated problems with the prison mail, Plaintiff's numerous filings and letters show that he has not been prohibited from using the mail despite his indigent status. Plaintiff's motion for some unspecified relief regarding the mail is thus denied.

Finally, on April 13, 2016, the Court received Plaintiff's motion for a subpoena. (ECF No. 130.) Therein, Plaintiff seeks (1) sworn statements from two transport officers, (2) sworn statements from several inmates, (3) a sworn statement from Teona Moses. Mot. for Subpoena 1, ECF No. 130. Defendants respond that the requested sworn statements do not exist. Defs.' Resp. to Mot. for Subpoena 1, ECF No. 138. Plaintiff replies that he is requesting that the Court issue subpoenas to the above listed people to require them to create sworn statements regarding the incident that occurred on July 30, 2013. Pl.'s Reply to Mot. for Subpoena 1-2, ECF No. 144.

The subpoena power of the Court does not provide the relief Plaintiff seeks. Persons can be required to appear for court or depositions and can be compelled to bring existing documents to such appearances. *See* Fed. R. Civ. P. 45(a). However, the Court cannot compel a person or entity to create a document that does not exist. Defendants similarly cannot be compelled to produce something that does not exist. *See, e.g., Muzaffarr v. Ross Dress for Less, Inc.*, 941 F. Supp. 2d 1373, 1376 (S.D. Fla. 2013) ("The Court cannot order the Defendant to produce something that it asserts does not exist.").

4

Plaintiff may ask for statements from his asserted witnesses, but they are not compelled to respond.[3] Plaintiff's motion for subpoena (ECF No. 130) is denied.

## II.   Motions for Injunctive Relief

Plaintiff also filed two motions seeking injunctive relief. In the first, Plaintiff requests that a preliminary injunction and temporary restraining order be issued against the "mail room personnel" to prevent them from "bothering" Plaintiff's legal mail. Letter 1, Apr. 22, 2016, ECF No. 134-2. In the second letter motion, Plaintiff specifically requests injunctive relief against Officers Mapp and Womble "due to them tampering with [his] legal mail." Letter 1, Apr. 22, 2016, ECF No. 135. He contends that these officers are violating his right of access to the courts.

These officers, however, are non-parties. The Court lacks jurisdiction to issue an injunction against a non-party. *See, e.g., Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-83 (11th Cir. 1995) (declining to find that either the All Writs Act or the Federal Rules of Civil Procedure provide subject matter jurisdiction when seeking an injunction against a non-party); *Faircloth v. Baden*, No. 1:11-cv-113-WLS, 2012 WL 3202949, at *4 (M.D. Ga. July 9, 2012) ("The Court lacks subject matter jurisdiction to issue a preliminary injunction against a non-party."). It is thus recommended that Plaintiff's motions for injunctive relief (ECF Nos. 134, 135) be denied.

---

[3] The Court also notes that discovery in this case ended in November 2015. It was extended for only the limited purposes explained by the Court's February 29 Order. Plaintiff has offered no reason why he did not seek discovery from the persons in his Motion for Subpoena during the proper discovery period. For this additional reason, his motion is denied.

### III.    Motion to Amend

Plaintiff moves to amend to add the following claims: (1) a claim under 18 U.S.C. § 159 for obstruction against the CERT officers; (2) a claim under 42 U.S.C. § 1997e(e) for "negligence, harassment, mental anguish, emotional distress, anxiety and psychological fear harm of all CERT Team members[;]" (3) conspiracy; (4) criminal charges against Defendants for assault; and (5) claims against the Georgia Department of Corrections, the Warden, and Deputy Wardens at DSP as supervisors of DSP and "legally responsible for the operation of Dooly State Prison and the welfare of all the inmates at the prison."  Mot. for Leave to Am. 1-2, ECF No. 139.  This is Plaintiff's fifth request to amend his complaint.

This motion to amend falls under Rule 15(a)(2) which requires leave of court. Such leave should be "freely give[n]" when "justice so requires."  Fed. R. Civ. P. 15(a)(2). However, "a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment."  *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2013).  "A district court may find undue delay when the movant knew of facts supporting the new claim long before the movant requested leave to amend, and the amendment would further delay the proceedings."  *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2013).  "Prejudice is likely to exist if the amendments involve new theories of recovery or would require further discovery." *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015).  Plaintiff's request to amend should be denied for all three reasons above—it causes undue delay, it unduly prejudices the Defendants, and it is futile.

6

As stated above, this is Plaintiff's fifth motion to amend filed after multiple rulings on numerous discovery motions, requests, and extensions. It is not alleged that any of the suggested new claims were not known until discovery. To the contrary, it is clear that Plaintiff should have known the facts giving rise to each of the new suggested claims at the time he filed his initial complaint. Furthermore, the amendment adds new theories of recovery against old and new defendants which would further prolong this already protracted action. Allowing the amendment would cause undue delay and undue prejudice to the Defendants and it is recommended that the motion to amend be denied.

The amendment is also futile. Initially, to the extent that Plaintiff attempts to add new claims against new defendants under 42 U.S.C. § 1983 for actions that occurred in 2013, those claims are barred by the two-year statute of limitations. *See Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years."). Plaintiff also attempts to assert a civil claim under a criminal statute—18 U.S.C. § 159—which does not exist. Regardless, Plaintiff has not alleged or shown that the criminal statute he attempts to cite creates a private right of action. Plaintiff similarly cannot pursue criminal charges against persons through a civil action. *See, e.g., Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Finally, Plaintiff has not alleged facts previously or in his motion to amend which would support a claim of

7

conspiracy between Defendants.[4]  *See, e.g., Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("It is not enough to simply aver in the complaint that a conspiracy existed."); *Van Bethel v. Carter*, No. 5:12–cv–01153–RDP–HGD, 2012 WL 5932682 at *2, (N.D. Ala. Oct. 12, 2012).  (explaining that allegations of conspiracy "must be specific and based upon facts rather than conclusions[]").  These attempted amendments fail to state a claim.  Plaintiff's motion to amend should thus be denied.

## IV. Motion for Summary Judgment

Defendants argue that the uncontested facts show that they are entitled to judgment as a matter of law.  Defs.' Br. in Supp. of MSJ 6-11, ECF No. 107-1.  Additionally, Defendants contend that they are entitled to qualified immunity.  *Id.* at 11-13.  Finally, Defendants assert that Plaintiff can recover only nominal damages if the case proceeds to trial.  *Id.* at 13-14.  For the reasons explained below, it is recommended that Defendants' motion be denied.[5]  Defendants are correct, however, in their assertion that Plaintiff should be limited in his potential recovery to nominal damages.

---

[4] Plaintiff's conspiracy claim also fails under the intracorporate conspiracy doctrine because both Defendants were employees of the Georgia Department of Corrections when force was used against Plaintiff.  *See Grinder v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010) ("Specifically, the intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy.").  The intracorporate doctrine "applies to public entities such as [a city] and its personnel."  *Id.*

[5] In Plaintiff's response to Defendants' motion, he states that he is entitled to summary judgment. Pl.'s Br. in Opp'n to Defs.' MSJ 9, ECF No. 132-1.  Plaintiff, however, did not file a separate motion for summary judgment.  To the extent that he was attempting to move for summary judgment, that motion should be denied for the same reasons that Defendants' motion should be denied—there are genuine issues of material fact as to whether Plaintiff was subjected to excessive force.

A.     Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

B.     Contested Facts

The parties agree that, after Plaintiff stepped off the bus at DSP, Defendant Temple and Defendant Turner used force on Plaintiff to take him to the ground. Temple Decl. ¶ 14, Jan. 28, 2016, ECF No. 107-4; Turner Decl. ¶ 14, Jan. 28, 2016, ECF No. 107-5. At the time, Plaintiff was wearing handcuffs and ankle bracelets secured by a waist chain. Temple Decl. ¶ 10, Jan. 28, 2016; Turner Decl. ¶ 10, Jan. 28, 2016. The parties also agree that Plaintiff received minor injuries—scrapes on his arm and fingers—for which he received medical care.

Defendants contend that this use of force was performed in the context of a disturbance and that Plaintiff was "disrespectful" and "behaved aggressively" when he came off the bus. Temple Decl. ¶ 12, Jan. 28, 2016; Turner Decl. ¶ 12, Jan. 28, 2016. Defendants Temple and Turner believed that Plaintiff had been engaged in a fight on the

bus and that he "presented a security risk" because of his "individual behaviors" and "manner of speaking[.]" Temple Decl. ¶ 13, Jan. 28, 2016; Turner Decl. ¶ 13, Jan. 28, 2016. They further felt that he "might provoke the other inmates to misbehave and create a larger disturbance." *Id.* In response to Plaintiff's affidavits and evidence, Defendants further clarified that Plaintiff "was rude and loud and walked about, swinging his arms as widely as he could . . . [and] disobeyed instructions to stand quietly facing the wall outside the I.D. Room." Temple Decl. ¶ 8, May 25, 2016, ECF No. 150-1;[6] Turner Decl. ¶ 8, May 23, 2016, ECF No. 140-4. Defendants then used "hands-on force" to take Plaintiff to the ground. Temple Decl. ¶ 14, Jan. 28, 2016; Turner Decl. ¶ 14, Jan. 28, 2016. Defendants state that they never drug Plaintiff on the ground and that he never mentioned a chest injury. Temple Decl. ¶¶ 13-14, May 25, 2016; Turner Decl. ¶¶ 13-14, May 23, 2016.

Plaintiff disagrees with this characterization of the events resulting in a use of force against him. He states that every inmate on the bus was ordered to get off. West Dep. 18:25-19:1, ECF No. 107-3. When he got off the bus, he saw Defendant Temple "punching his hands and his fists[,]" so Plaintiff said "hey, man, I didn't have nothing to do with that." *Id.* at 19:4-6. He then told Defendant Temple that if he put his hands on the Plaintiff, he would be violating the Plaintiff's rights and the Plaintiff would sue him. *Id.* at 19:8-9. While saying this, Plaintiff was walking to the wall as instructed by the officers. *Id.* at 19:14-22. He was not doing anything with his hands and he did not say anything

---

[6] On July 15, 2016, Defendants filed a signed version of Defendant Temple's Declaration. The declaration attached to the reply brief (ECF No. 140) is not signed. Plaintiff objects (ECF No. 153) to the later filed signed versions of the declarations. Plaintiff's motion, that the Court construes as a motion to strike the declaration, is denied.

else to the officers. *Id.* at 19:11-13, 19:23-25. Plaintiff says that he was standing facing the wall and Defendant Temple

> took it offensive when I said I was going to sue him. And he started arguing that. And I would tell him like, man, you ain't going to do nothing to me, man, because I ain't did nothing. And that was it. He ran over there, grabbed me and slammed me about—he pulled me about an inch, inch and a half off the ground, and slammed me.

West Dep. 21:2-8. Defendant Temple then got on Plaintiff's back and Defendant Turner "grabbed [Plaintiff] by [his] leg irons and pulled [him] on the ground, across the ground." *Id.* at 21:15-17. Plaintiff began to complain about his chest and Defendant Temple got off his back. *Id.* at 24:20-22. Defendant Temple then "grabbed [Plaintiff], picked [him] up, and pushed [him] against the wall." *Id.* at 25:1-4.

Plaintiff admits that after the use of force, his behavior became defiant because he was "upset." West Dep. 25:21-26:13. He states that he was upset because the officers' behavior was "being spiteful." *Id.* at 26:4-6. Plaintiff further states that he was not taken to the medical unit, but that someone from the medical staff came out to see him. *Id.* 28:4-10, 28:19-22. He complained to the medical staff of injuries on his finger, elbow, and ankle. *Id.* at 29:16-19. His chest also later began to hurt him. *Id.* at 30:16-24. Plaintiff states that Defendants' actions aggravated his pre-existing chest pain, caused soreness to his ankle, and caused scrapes and bruises to his elbow and fingers. Pl.'s Br. in Opp'n to Defs.' MSJ 11.

    C.    Excessive Force

Whether an Eighth Amendment constitutional violation occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or

11

[whether force was applied] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation marks and citation omitted). In order to determine if force was used "maliciously and sadistically to cause harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted). "When considering these factors, we give a wide range of deference to prison officials acting to preserve discipline and security[.]" *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (internal quotation marks and citation omitted). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 599 U.S. 34, 57 (2010).

The parties have conflicting versions of the facts. These conflicting versions are supported by affidavits, depositions, and declarations by the parties and witnesses. *See, e.g.,* Cunningham Aff. ¶¶ 1-8, Apr. 28, 2016, ECF No. 136. Under Plaintiff's version of the facts, he was obeying instructions and not acting aggressive when he was taken to the ground. The parties agree that he was restrained with handcuffs, ankle cuffs, and a waist chain at the time force was used against him. The Court cannot make credibility determinations at the summary judgment stage to determine whose version of the events is believable. *See, e.g., Hasemeier v. Shepard*, 252 F. App'x 282, 285 (11th Cir. 2007). Furthermore, "although defendants assert[] that their actions were necessary to restore

12

order . . . , there is no evidence other than their own statements to support their claims that [the plaintiff] was verbally abusive or that he ignored an order." *Id.* Plaintiff disputes that he engaged in any aggressive behavior and states that he was complying with directions. Thus, viewing the evidence in the light most favorable to Plaintiff, there is a question of fact as to whether Defendants used excessive force against him and acted maliciously and sadistically to cause harm.[7] Defendants' motion for summary judgment should be denied.

### D.     Qualified Immunity

Defendants also argue that they are entitled to qualified immunity. However, "when a plaintiff making an excessive force claim has alleged facts sufficient to survive a motion to dismiss or a motion for summary judgment demonstrating that the officer used force maliciously and sadistically to cause harm, he has necessarily established the two prongs required to defeat a defense of qualified immunity." *Dobbins v. Giles*, 451 F. App'x 849, 851 (11th Cir. 2012) (internal quotation marks and citation omitted). Having found that there is a question of fact as to whether Defendants used excessive force, the Court cannot find that Defendants are entitled to qualified immunity. It is therefore recommended that Defendants' motion for summary judgment be denied.

### E.     Damages

Defendants also urge the Court to limit Plaintiff's recovery at trial to nominal damages. The Court previously found that Plaintiff's "alleged injuries are *de minimis*[.]"

---

[7] Under Plaintiff's version of the facts, only the first factor—extent of the injury—would be found in Defendants favor.

Order 2, Feb. 23, 2015, ECF No. 38.  The uncontested evidence submitted in this case supports Plaintiff's assertion that he had a badly scraped elbow and hand.  *See* Pl.'s Medical Rs. at 3, ECF No. 151-2.  Plaintiff also submitted evidence that he suffered a bruised ankle during the altercation and that he complained afterward of reoccurring chest pain.  *Id.* at 3-4.  The medical records show, however, that Plaintiff suffered from chest pain prior to the incident with the Defendants.  *Id.* at 1-2.  Although Plaintiff alleges that his pain was exacerbated by the incident, his medical records from the day following establish that he had no swelling, bruising, abnormality, or loss of movement in his chest or back for which the medial staff recommended no treatment.  *Id.* at 4.  This injury is thus also *de minimis*.  *See, e.g., Quilan v. Pers. Transp. Servs. Co.,* 329 F. App'x 246, 249 (11th Cir. 2009) (finding "temporary chest pain, headache, and difficulty breathing" with recurrent back pain to be *de minimis*).  Since Plaintiff's injuries are *de minimis*, he may only see nominal damages from Defendants.[8]  *See, e.g., Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) ("[A]n incarcerated plaintiff cannot recover either compensatory or punitive damages for constitutional violations unless he can demonstrate a (more than de minimis) physical injury.").

## CONCLUSION

For the reasons stated above, Plaintiff's discovery motions are terminated or denied (ECF Nos. 120, 121, 127, 128, 130).  His motion to strike (ECF No. 153) is denied.  It is recommended that Plaintiff's motion to amend (ECF No. 139) and motions for injunctive

---

[8] This, however, does not prevent Plaintiff from pursuing his excessive force claim.  *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (explaining that an inmate may pursue an Eighth Amendment excessive force claim "whether or not a significant injury is evident").

relief (ECF Nos. 134, 135) be denied. Finally, it is recommended that Defendants' motion for summary judgment (ECF No. 107) be denied.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 29th day of July, 2016.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE