IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KEVIN WEST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-86(MTT) |
| Sergeant TEMPLE, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

This matter is before the Court on United States Magistrate Judge Stephen Hyles's Order and Report and Recommendation. (Doc. 154). The Magistrate Judge denied the pro se Plaintiff's motion to strike (Doc. 153) and motions for discovery (Docs. 120; 121; 127; 128; 130). The Magistrate Judge recommends denying the Plaintiff's motion to amend (Doc. 139) and motions for injunctive relief (Docs. 134; 135). The Magistrate Judge also recommends denying the Defendants' motion for summary judgment (Doc. 107) but limiting the Plaintiff's possible recovery to nominal damages. The Plaintiff objected to the Recommendation limiting recovery to nominal damages. (Doc. 159).[1] The Defendants did not object. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and made a de novo determination of the portions of the Recommendation to which he objects. The Recommendation is

---

[1] The Defendants responded to the Plaintiff's objection 20 days after the Plaintiff filed. (Doc. 161). The Court notes that the response appears to fall outside of the 15-day window for objections and responses and is therefore untimely. However, the Court's reasoning remains unchanged whether or not the Defendants' response is considered.

**ADOPTED** and made the Order of this Court.  Accordingly, the Plaintiff's motion to amend and motions for injunctive relief are **DENIED**.  The Defendants' motion for summary judgment is **DENIED IN PART** and **GRANTED IN PART**, and the Plaintiff may proceed with his Eighth Amendment claim but may only recover nominal damages.  Further, as discussed below, the Plaintiff's motion for reconsideration (Doc. 159) is **DENIED**, and the Plaintiff's motion to amend (Doc. 155) is also **DENIED**.

### I.     PLAINTIFF'S MOTION FOR RECONSIDERATION

In addition to objecting to the Recommendation, the Plaintiff also objected to the Magistrate Judge's Order denying the Plaintiff's discovery motions.  (Doc. 159).  The Court construes the objection to the discovery motions as a motion for reconsideration.[2]  Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted).  "In order to demonstrate clear error, the party moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived."  *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

---

[2] The Plaintiff only specifically named the motion for subpoena (Doc. 130) in his objection.  (Doc. 159, at 2).  However, the Plaintiff wrote this under the heading "Motions for Discovery," and he referenced "fil[ing] numerous motions for 'Depositions.'"  *Id.*  Therefore, the Court construes the Plaintiff's objection to apply to all of the discovery motions (Docs. 120; 121; 127; 128; 130), and the Court reviews the Magistrate Judge's Order accordingly.

The Magistrate Judge concluded that each of the Plaintiff's discovery motions either (1) was mooted or (2) requested relief beyond the power of the Court to provide. (Doc. 154, at 2–5). Plaintiff does not identify any intervening change in the law, new evidence not previously available to the parties, or clear error of law.[3] Therefore, the Plaintiff has failed to demonstrate circumstances sufficient to merit reconsideration.

## II.  PLAINTIFF'S MOTION TO AMEND

The Plaintiff also moved to amend his complaint in a separate motion. (Doc. 155). In this new motion, the Plaintiff alleged a First Amendment claim against Defendant Derrick Temple and professed to have an unspecified "exhibit which would support his claims." *Id.* at 1. Prior to this latest motion, the Plaintiff had attempted to amend his complaint five times, and the Magistrate Judge addressed the Plaintiff's fifth attempt (Doc. 139) in his Recommendation. (Doc. 154, at 6). The Magistrate Judge recommended, as we adopt in this Order, denying the Plaintiff's fifth request to amend. *Id.* Similar reasons compel the Court to deny the Plaintiff's sixth attempt, as well. "Although leave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." *Mann v. Palmer*, 713 F.3d 1306, 1316 (11th Cir. 2015) (citation omitted). The Plaintiff describes no previously unknown facts to support his new claim. *See Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 2015) (finding a trial court did not abuse its discretion when the trial court denied motions to amend based on facts available at the time the original complaints were

---

[3] The Plaintiff appears to have omitted a page pertaining to the motions for discovery in his handwritten objection. *See id.* at 2–3 (proceeding directly from "Page 2 of 9" to "Page 4 of 9"). However, nothing in the record suggests that the Plaintiff could have demonstrated any of the circumstances *Bingham* articulates as justifying reconsideration.

filed). Further, the Plaintiff alleged a new theory of recovery. See *Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1186 (11th Cir. 2015) ("[P]rejudice is especially likely to exist if the amendment involves new theories of recovery or would require additional discovery.") (internal quotation marks and citation omitted). The Plaintiff did not justify or explain his delay in making a new claim. The Plaintiff's new motion to amend should therefore be denied on the grounds of undue delay and undue prejudice to the Defendants.

### III.   CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the Magistrate Judge's Recommendation and makes the Recommendation the Order of this Court. The Plaintiff's motion to amend (Doc. 139) and motions for injunctive relief (Docs. 134; 135) are **DENIED**. The Defendants' motion for summary judgment (Doc. 107) is **GRANTED IN PART** and **DENIED IN PART**, and the Plaintiff may proceed with his Eighth Amendment claim but may recover only nominal damages. Further, the Plaintiff's motion for reconsideration (Doc. 159) is **DENIED**, and the Plaintiff's motion to amend (Doc. 155) is **DENIED**.

**SO ORDERED,** this 21st day of September, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
