IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **KEVIN WEST,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:14-CV-86 (MTT) |
| | ) |
| **Sergeant TEMPLE**, *et al.*, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

Before the Court is the Plaintiff's motion to appoint counsel. (Doc. 163). For the reasons discussed below, the motion is **DENIED**.

"Appointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id.*; *see also Smith v. Fla. Dep't Corr.*, 713 F.3d 1059, 1063 (11th Cir. 2013) ("[W]hether such circumstances exist is committed to the district court's discretion." (internal citation omitted)). In exercising its discretion regarding whether to appoint counsel for an indigent party, the district court considers factors such as the complexity of the facts and legal claims. *See Bass v. Perin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (holding that the district court did not abuse its discretion in refusing to appoint counsel in a § 1983 case with undisputed core facts and straightforward legal claims).

The Court finds that appointment of counsel is unwarranted because the Plaintiff's straightforward § 1983 claims are neither factually nor legally complex. *See*

*Wahl*, 773 F.2d at 1174 (finding no exceptional circumstances where essential facts and legal doctrines were ascertainable without appointing counsel); *cf. Smith*, 713 F.3d at 1065 (holding that factors such as (1) the presence of allegations not personally experienced by the plaintiff, (2) discovery issues and suspect conduct of the defendants, and (3) security concerns complicating the plaintiff's ability to interview other inmates, "in the aggregate," presented exceptional circumstances necessitating the appointment of counsel).

Because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the Plaintiff's motion to appoint counsel (Doc. 163) is **DENIED**.

**SO ORDERED**, this 7th day of November, 2016.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT