# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KEVIN WEST, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-86 (MTT) |
| Sergeant TEMPLE, *et al.*, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Kevin West has filed a motion for leave to appeal IFP. Doc. 201. West appeals from a January 10, 2017 jury verdict in favor of the Defendants in this civil rights action. Docs. 192 at 1; 194. Applications to appeal IFP are governed by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Federal Rule of Appellate Procedure 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

> (A) shows . . . the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.
>
> (2) . . . . If the district court denies the motion, it must state its reasons in writing.

District courts therefore must make two determinations when deciding an application to appeal IFP: whether the plaintiff is financially unable to pay the filing fee required for an appeal, and whether the plaintiff has made her appeal in "good faith." In this case, West's application and his certified trust account indicate that he is unable to pay the $505 appellate filing fee. *See* Doc. 2-1 at 1 (authorized officer of West's place of incarceration certifying that West's average monthly balance was $10 in the six months prior to February 10, 2014); *see generally* Doc. 201 (documenting that West accrued zero income from the past twelve months, expects zero income next month, and has no cash or assets); *see also id.* at 4 ("I am in prison and my mother pasted [sic] away. Therefore, I have no family support.").

As to the good faith requirement, "'good faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citation omitted). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations

omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

In this case, West, a state prisoner proceeding pro se, contended that the Defendants used excessive force against West in violation of his constitutional rights by slamming him into the ground and then dragging him by his restraints. Doc. 48 at 2-4. The Defendants contended that the force they used was lawful. Docs. 73 at 3-4; 78 at 3-4. The Court granted in part and denied in part the Defendants' motion for summary judgment, ruling that a factual dispute existed and therefore West's claim should go to trial but limiting his possible recovery to nominal damages because the undisputed evidence showed he only suffered de minimis injuries. Docs. 162 at 1-2; 154 at 13-14. At trial, the jury delivered a verdict for the Defendants after deliberating for only 30 minutes. *See* Doc. 190 at 2 (minute entry documenting trial proceedings and jury deliberations). West has not submitted a statement of the issues he intends to appeal, as he was required to do. Fed. R. App. Pro. 24(a)(1)(C). West has alleged, in his notice of appeal, that he has unspecified "evidence that would have helped him in his trial." Doc. 196. The Court is not aware of any such evidence, and West did not attempt to introduce any such evidence at trial. Further, West made very few objections during trial, none of which present a non-frivolous issue for appeal. West objected to the admission of the recent felony convictions of West and witness Royrecus Cunningham as irrelevant, but the Court ruled that such evidence is admissible pursuant to Federal Rule of Evidence 609(a)(1)(A) and gave a jury instruction (both during and after trial) ordering the jury to limit its use of such evidence to determining

credibility.  *See* Doc. 191 at 4 (noting that jurors "may consider the fact that the witness has been convicted of a felony" when weighing the witness's credibility).  West also objected to some witnesses' testimony on the grounds that the witnesses were not testifying truthfully; the Court overruled those objections and pointed out to West that the credibility of testimony is a fact question for the jury to decide.  In sum, this case involved the resolution of a simple fact issue, and the evidence overwhelmingly favored the Defendants' version of events.  Since there are no issues with arguable merit, this appeal is not brought in good faith.  Accordingly, West's application to appeal IFP (Doc. 201) is **DENIED**.

If West wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee.  West's application and affidavit for IFP indicate that he cannot pay the fee immediately.  *See generally* Doc. 201.  Therefore, he must pay using the partial payment plan described in 28 U.S.C. § 1915(b), and the prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to West's account to the extent the account balance exceeds $10 until the $505 appellate filing fee has been paid in full.  Checks should be made payable to "Clerk, U.S. District Court."  The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which West is incarcerated.

**SO ORDERED**, this 3rd day of May, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT